# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1803
Lower Tribunal No. 21-8103
_____

**Suhaag Garden, Inc., et al.,**
Appellants,

vs.

**Certain Underwriters at Lloyd's London, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Ligman Martin, P.L., and Daniel T. Galo (Wellington), for appellants.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa), for appellee.

Before EMAS, SCALES and GORDO, JJ.

EMAS, J.

Suhaag Garden, Inc. and Suhaag Garden Real Estate, LLC, ("Suhaag"), appeal an order dismissing with prejudice their complaint against Certain Underwriters at Lloyd's London ("Lloyd's"). Suhaag operates a wedding design business in Homestead. In March of 2020, when the COVID-19 pandemic began, Suhaag's business was deemed "non-essential" and was forced to temporarily suspend operations. At the time, Suhaag maintained a commercial property insurance policy with Lloyd's, and it filed a claim for loss of business income caused by the suspension of its operations resulting from the pandemic.

Although Suhaag's policy did provide coverage for loss of income resulting from a suspension of business operations, the express terms of the policy required that the suspension "**must be caused by direct physical loss of or damage to property** at premises which are described in the Declarations . . . ." (emphasis added).

In our recent decision in Commodore, Inc. v. Certain Underwriters at Lloyd's London, 47 Fla. L. Weekly D1044 (Fla. 3d DCA May 11, 2022),[1] we construed policy language identical in all material respects to the instant case, and concluded that that the policy "does not cover claims for business

---

[1] Commodore was issued during the pendency of this appeal. This court ordered Suhaag and Lloyd's to provide supplemental briefing on the application of Commodore to this instant appeal.

income losses unless those losses arise from a suspension of operations 'caused by direct physical loss of or damage to property.'" Id. at *4.

We held that the term "'direct physical loss' requires some actual alteration to the insured property." Id. We further held that "loss of intended use alone, without tangible alteration to the property, is not sufficient to trigger coverage under the plain language of the Policy." Id. at *6. We affirmed the trial court's dismissal with prejudice of Commodore's complaint.[2] As this case is indistinguishable from Commodore, we affirm the trial court's order dismissing Suhaag's complaint with prejudice.

Affirmed.

---

[2] In several decisions following the release of our opinion in Commodore, the United States Court of Appeals for the Eleventh Circuit has agreed with our interpretation of this policy language and with the ultimate holding that loss of business income is not covered under these circumstances. See, e.g., Town Kitchen, LLC v. Certain Underwriters at Lloyd's London, No. 21-10992, 2022 WL 1714179 (11th Cir. May 27, 2022); Royal Palm Optical, Inc. v. State Farm Mut. Auto. Ins. Co., No. 21-11335, 2022 WL 1666967 (11th Cir. May 25, 2022); First Watch Restaurants, Inc. v. Zurich Am. Ins. Co., No. 21-10671, 2022 WL 1634571 (11th Cir. May 24, 2022).

3

GORDO, J., concurring.

I agree with this Court's decision to affirm the trial court's ruling. While I am sympathetic with Suhaag's plight as a small business owner who suffered severe loss of business income based on government closures during the Covid-19 pandemic, the plain language of the policy also included an ordinance or law exclusion relevant to our analysis:

> **Causes of Loss**
>
> **B. Exclusions**
>
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> **a. Ordinance or Law**
>
> The enforcement of or compliance with any
>
> ordinance or law:
>
> (1) **Regulating** the construction, **use** or repair of any property; or
>
> (2) Requiring the tearing down of any property, including the cost of removing its debris.
>
> This exclusion, Ordinance Or Law, applies whether the loss results from:
>
> (a) **An ordinance or law that is enforced even if the property has not been damaged**; or

4

(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

. . .

2. We will not pay for loss or damage caused by or resulting from any of the following:

. . .

b. **Delay, loss or use or loss of market.**

. . .

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that

Covered Cause of Loss.

. . .

b. **Acts or decisions**, including the failure to act or decide, **of any person, group, organization or governmental body**.

(emphasis added). This policy language specifically excludes coverage when a loss results from an ordinance or law that is enforced even if the property has not been damaged. While recognizing Suhaag experienced significant loss due to the government closures, we are bound to enforce the actual bargain struck between the parties memorialized in their written agreement—the relevant insurance policy. In my view, Suhaag's claims fall squarely within the exclusion.

5